UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>Plaintiff,<br><br>EUSEBIO MONTEJO, et al..<br><br>Defendants. | No. 2:19-cv-1874 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff has failed to state any claims cognizable under § 1983. Plaintiff will be given another opportunity to amend his complaint.

**BACKGROUND**

Plaintiff filed his original complaint on September 18, 2019. On screening, this court found plaintiff failed to state any cognizable claims for relief. (Sept. 27, 2019 Order (ECF No. 5).) Plaintiff was provided instructions for amending his complaint. On December 23, plaintiff filed a first amended complaint ("FAC"). (ECF No. 13.)

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim

1

in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Allegations of the First Amended Complaint ("FAC")**

Plaintiff is incarcerated at the California Medical Facility ("CMF"). He identifies eight defendants: (1) Dr. Eusebio Montejo; (2) Captain Brown; (3) Lopez, CMF Institutional Security Unit; (4) Warden Jared Lozano; (5) Correctional Officer ("CO") Borbe; (6) CO Lockwood; (7) Marrie, CMF food service; and (8) Associate Warden Media.

Like his original complaint, plaintiff's FAC is difficult to decipher. In addition, plaintiff has attached over 700 pages of exhibits to his FAC. This court will not review those exhibits to attempt to determine the bases for plaintiff's claims. It is plaintiff's responsibility to explain his claims plainly and briefly in the body of his complaint. Fed. R. Civ. P. 8(a).

As best this court can tell, plaintiff makes the following allegations. First, Montejo made sexual advances toward him. Plaintiff then filed a complaint against Montejo under the Prison Rape Elimination Act ("PREA"). Montejo retaliated against plaintiff for filing the complaint by taking away plaintiff's disability classification, plaintiff's walker, and plaintiff's pain medications. Plaintiff also appears to be alleging that Montejo denied him appropriate medical care, specifically shoulder surgery, referral to an orthopedic specialist, and appropriate food. Plaintiff alleges these actions were also retaliatory.

In his second claim, plaintiff alleges his ingoing and outgoing legal mail has been stolen. He further alleges: (1) defendants Brown and Lozano have refused to respond to his 22 forms; (2) defendant Borbe stole plaintiff's priority envelopes and gave them to "CCPOA gang members;" (3) CO Lockwood harassed plaintiff; and (4) COs Lockwood and Borbe took numerous actions against plaintiff, including having him assaulted by another inmate.

Finally, in plaintiff's third claim, he appears to re-state some of the issues he raised in his first two claims. He adds allegations that he was denied the right to a hearing on two rules violation reports – one issued by CO Bird and one issued by defendant Borbe.

**II. Does Plaintiff State Cognizable Claims?**

For a number of reasons, plaintiff's FAC fails to state any cognizable claims under § 1983. Below, this court points out the problems with plaintiff's allegations. In any second amended complaint, plaintiff must comply with the directives below if he wishes to continue with this case.

**A. Claims against Different Defendants Must be Related**

The first problem with plaintiff's FAC is that he is attempting to raise many unrelated claims against many defendants. As plaintiff was informed previously, "[u]nrelated claims against different defendants belong in different suits." (ECF No. 5 at 5.) If plaintiff wishes to continue with this case, he must choose which claim or claims he wants to pursue here. As best this court can tell, plaintiff's primary claim is for retaliation against defendant Montejo. If this is the primary claim plaintiff wishes to pursue here, he must limit his second amended complaint to only claims against Montejo and other claims that are related to the claims against Montejo.

**B. Exhaustion Requirement**

Plaintiff indicates that at least some claims were not exhausted through the third level of review. Plaintiff is reminded that this court may not consider claims that he has not submitted to all three levels of review through the prison system. See 42 U.S.C. § 1997e(a). Plaintiff should not include claims in his second amended complaint that he has not fully exhausted.

**C. Claim Specificity**

Plaintiff's complaint must be sufficiently specific so that a defendant knows what conduct plaintiff is complaining about. Plaintiff must allege facts showing: (1) what the defendant did or did not do; (2) when that conduct occurred; and (3) why the defendant's conduct violated plaintiff's constitutional rights. The allegations in plaintiff's FAC are not adequate to put a defendant on notice of plaintiff's claims against them. In an attempt to help plaintiff focus his complaint, the court will re-state the legal standards for the claims plaintiff may be trying to bring against defendant Montejo.

**1. Retaliation**

To state a claim for retaliation, plaintiff must specifically describe five things: (1) the protected conduct plaintiff engaged in; (2) the adverse action a defendant took against him; (3) that defendant took that action <u>because</u> plaintiff had engaged in protected conduct; (4) that defendant's action would have caused a reasonable person to be concerned about exercising his First Amendment rights; and (5) that the defendant's action did not have a legitimate basis. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005). In plaintiff's FAC, he alleges that Montejo took numerous adverse actions against him because he filed a PREA complaint against Montejo. Plaintiff does not, however, allege facts showing the connection between his PREA complaint and Montejo's conduct.

In amending his claim for retaliation, plaintiff must show Montejo acted with a retaliatory motive. Plaintiff must show that Montejo was aware of the PREA complaint. But, that is not enough. Plaintiff must also state facts showing Montejo's motive. Evidence of his motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. <u>McCollum v. Cal. Dep't of Corr. and Rehab.</u>, 647 F.3d 870, 882 (9th Cir. 2011).

**2. Medical Claims**

Plaintiff may also be attempting to state claims that Montejo violated plaintiff's right to medical care. Again, plaintiff's current allegations are not sufficient. He simply lists a number of Montejo's actions regarding his health care. To state an Eighth Amendment claim for deliberate indifference to his serious medical needs, plaintiff must show two things: that he had a serious medical need and that Montejo responded to that need with deliberate indifference.

**a. Serious Medical Need**

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted), <u>overruled on other grounds</u>, <u>WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997). Indications of a serious

medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the first, objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

### b. Deliberate Indifference

If a plaintiff establishes the existence of a serious medical need, he must then show that defendant responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise

to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**CONCLUSION**

Plaintiff will be given another opportunity to file an amended complaint. Plaintiff should carefully review the descriptions above of the problems with his FAC. In addition to curing those problems, plaintiff must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights. Plaintiff should carefully review the legal standards set out above and in prior screening order to determine whether a defendant's conduct amounts to a constitutional violation.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). Each separate claim should be contained in a separate, numbered set of paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against

| | |
|---|---|
| 1 | a single party are fine, but Claim A against Defendant 1 should not be joined with |
| 2 | unrelated Claim B against Defendant 2. Unrelated claims against different |
| 3 | defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. |
| 4 | 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not |
| 5 | transform unrelated claims into related claims. |

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).
- Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's FAC (ECF No. 13) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

////
////
////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: January 6, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/bart1874.FAC scrn lta