UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>    Plaintiff,<br><br>    v.<br><br>EUSEBIO MONTEJO,<br><br>    Defendant. | No.  2:19-cv-1874 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and the return of his legal property.  Plaintiff states that he requires counsel because he is ignorant of the settlement conference process.  He further alleges that he has been without his legal property and writing supplies since November 16, 2020.

With respect to plaintiff's motion for the return of his legal property, this court ordered defendant's counsel to contact the litigation coordinator at San Quentin State Prison regarding the allegations in plaintiff's motion and submit a response to plaintiff's motion.  (Dec. 16, 2020 Order (ECF No. 32).)  Defendant's counsel has now filed that response.  (ECF No. 37.)  According to that response, plaintiff was provided writing and mailing supplies on December 1 and his legal materials on December 18.  Therefore, plaintiff's motion for the return of his legal property and for legal supplies will be denied as moot.

With respect to plaintiff's motion for the appointment of counsel.  This court, again, finds no basis to appoint counsel

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff was instructed in the court's September 21, 2020 order that he should provide the following information in a settlement conference statement:

> (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

In addition, plaintiff was told that he must place his settlement conference statement in the U.S. mail addressed to the settlement conference judge, Magistrate Judge Carolyn Delaney, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff was also instructed to mail his settlement conference statement so that it is received by Judge Delaney at least seven days prior to the settlement conference. Pursuant to the court's October 22, 2020 order, the settlement conference is set for January 19, 2021 at 9:30 a.m.

Plaintiff does not require counsel to prepare for the settlement conference. He fails to establish extraordinary circumstances justifying the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of counsel (ECF No. 33, 34) is denied;
2. Plaintiff's motion for the return of his legal property (ECF No. 34) is denied as moot;

and

    3.  Good cause appearing, defendant's motion for a seven-day extension of time to file the response required by the court's December 16 order (ECF No. 35) is granted.

Dated:  January 7, 2021

                                          DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/bart1874.31(3)