UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH, | No. 2:19-cv-1874 DB P |
| Plaintiff, | |
| v. | ORDER |
| EUSEBIO MONTEJO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant was deliberately indifferent to his medical needs, retaliated against him, and discriminated against him. Presently before the court is plaintiff's motion to appoint counsel and notice of obstruction. (ECF No. 49.)

Plaintiff alleges that he was transferred to Salinas Valley State Prison (SVSP) to be obstructed and to be subjected to cruel and unusual punishment. (ECF No. 49 at 1.) He further states that based on his classification level he should be housed in a level 2 facility, but rather is housed on a "level 3 severely violent yard." He requests that he not be moved again until he is moved to a level 1 or level 2 facility. Plaintiff also states that he is having an issue with the mail room staff related to his ability to possess indigent envelopes in order to send mail. He has been denied pens, paper, law library access, and his PLU states has not yet been granted. He believes that he has not received all his mail and sometimes his food smells like chemicals. (ECF No. 49 at 3.)

1

It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Accordingly, the court cannot interfere with decisions related to plaintiff's security classification or housing assignment. To the extent plaintiff believes his transfer was in retaliation for filing this case he may file a separate civil rights action after exhausting administrative remedies.

Additionally, the court cannot order prison officials at SVSP to give him indigent envelopes, mail, legal materials, or different food. Such relief would be inappropriate because it would be directed toward individuals who are not parties in this action, Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . ."), and the relief sought is unrelated to plaintiff's underlying claims in this action. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

Plaintiff also states, "I think that an attorney now would be good." (ECF No. 49 at 3.) However, the motion does not contain any other arguments in support of this request for counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances. Plaintiff has not shown that he requires assistance in articulating his claims at this time. Therefore, the court will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 49) is denied.

Dated:  March 16, 2021

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/bart1874.31(4)