1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   SHAWN DAMON BARTH,                        No. 2:19-cv-1874 DB P

11                   Plaintiff,

12         v.                                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13   EUSEBIO MONTEJO,

14                   Defendant.

15

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  Plaintiff claims that defendant was deliberately indifferent to his medical needs,

18   retaliated against him, and discriminated against him.  Presently before the court is plaintiff's

19   motion for a protective order and request for injunctive relief.  (ECF No. 52.)  For the reasons set

20   forth below, the court will recommend that plaintiff's motion be denied.

21   **I.      Plaintiff's Motion**

22         Plaintiff states that he is requesting an injunction because the California Department of

23   Corrections and Rehabilitation (CDCR) is "refusing to follow rules, laws, regulations [and]

24   polic[ies]."  (ECF No. 52 at 1.)  He claims he is being denied eyeglasses, dental care, and

25   medication.  (ECF No. 52 at 2.)  He alleges he has submitted forms, but he has not received a

26   response.  (Id.)  Plaintiff further alleges that his access to the courts, attorneys, mail and postage

27   have been obstructed.  (ECF No. 52 at 3.)

28   ////

                                                  1

1    **II.    Legal Standards**

2         A party requesting preliminary injunctive relief must show that "he is likely to succeed on

3    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

4    balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

5    Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

6    hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

7    Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

8         Alternatively, under the so-called sliding scale approach, as long as the plaintiff

9    demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

10   public interest, a preliminary injunction may issue so long as serious questions going to the merits

11   of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

12   the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

13   "serious questions" version of the sliding scale test for preliminary injunctions remains viable

14   after Winter).

15        The principle purpose of preliminary injunctive relief is to preserve the court's power to

16   render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

17   Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

18   that the relief awarded is only temporary and there will be a full hearing on the merits of the

19   claims raised in the injunction when the action is brought to trial.

20        In cases brought by prisoners involving conditions of confinement, any preliminary

21   injunction must be narrowly drawn, extend no further than necessary to correct the harm the court

22   finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

23   18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is

24   strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

25   (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

26   which he is not designated as a party . . . .").[1]

27

28   _____

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not
automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits

2

1    Further, preliminary injunctive relief is not appropriate until the court finds that the

2    plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,

3    753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

4    jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not

5    attempt to determine the rights of persons not before the court.").

6    **III.    Analysis**

7    Plaintiff's underlying claim in this action is that defendant Montejo retaliated against him,

8    failed to provide adequate medical treatment, and discriminated against him while he was

9    incarcerated at California Medical Facility (CMF).  (See Pl.'s Compl. (ECF No. 19); Order

10   finding E-Service Appropriate (ECF No. 21 at 2-4).)  In his motion plaintiff argues that various

11   prison officials at Salinas Valley State Prison (SVSP) have violated his rights by denying him

12   medical treatment and interfered with his ability to send legal mail.

13   To the extent plaintiff feels that his civil rights have been violated based on conditions at

14   SVSP, he may file a separate suit based on the allegations presented in his motion.  However, it

15   would be inappropriate for the court to grant relief based on allegations that are unrelated to the

16   allegations at issue in this suit.  Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810

17   F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled

18   in the complaint, the court does not have authority to issue an injunction.").

19   Plaintiff claims his grievances have not been addressed.  However, attachments to this

20   motion show that his grievances have been received.  (See ECF No. 52 at 28-35.)  Further, those

21   same forms indicate review will be completed within sixty days.

22   Plaintiff also alleges that prison officials have interfered with his ability to litigate various

23   legal actions.  However, plaintiff was able to draft and send the instant motion with over 700

24   pages of exhibits.  Thus, he has not shown that he is unable to access paper, pens, envelopes, or

25   the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the

26   usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and
     preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.

27   1979).  The United States Supreme Court has authorized the use of the All Writs Act in
     appropriate circumstances against persons or entities not a party to the underlying litigation.

28   United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1    postage.  To the extent that plaintiff needs additional time to meet deadlines in this action he may

2    move for an extension of time.  Any motions for extensions of time should state the amount of

3    time requested and why an extension is necessary.

4    **IV.   Conclusion**

5        Accordingly, the Clerk of the Court is ORDERED to randomly assign this action to a

6    District Judge.

7        IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No.

8    52) be denied.

9        These findings and recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after

11   being served with these findings and recommendations, plaintiff may file written objections with

12   the court and serve a copy on all parties.  The document should be captioned "Objections to

13   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

14   objections within the specified time may result in waiver of the right to appeal the district court's

15   order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  April 6, 2021

17

18   _____

19   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25
     DB:12
26   DB:1/Orders/Prisoner/Civil.Rights/bart1874.inj

27

28
                                              4