UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH, | No. 2:19-cv-1874 DB P |
| Plaintiff, | |
| v. | ORDER |
| EUSEBIO MONTEJO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant was deliberately indifferent to his medical needs, retaliated against him, and discriminated against him. Presently before the court is plaintiff's "notice of obstruction and request [that the] court order compliance to Title 15 Rules." (ECF No. 56.)

Plaintiff states that he has been denied Preferred Legal User (PLU) status. (ECF No. 56 at 1.) He states that he has law library access for up to two hours so long as it does not conflict with his mental health appointments. Plaintiff further alleges that the mail room is extorting him for money that he does not have, refusing policies, rules, and laws. (Id. at 2.)

Plaintiff has not alleged that he has attempted to use the law library for legal research and been denied. Thus, he has not demonstrated that his right of free access to the courts is being impaired. As previously stated (ECF No. 53 at 4), should plaintiff need additional time to prepare pleadings or motions due to the limit placed on his ability to access the law library he may move

for an extension of time. Any motion for an extension of time should state the amount of time requested and provide the reason additional time is necessary.

Plaintiff has also alleged that prison officials have failed to comply with prison regulations regarding indigent mail. (ECF No. 56 at 1-2.) However, he has not stated with specificity what actions taken by prison officials have obstructed his ability to proceed with the instant case. Attachments to the motion indicate that items of mail were returned to him because he did not provide enough indigent envelopes to cover the cost of postage. (Id. at 10.) It does not appear that plaintiff is being prevented from sending mail as he was able to send the instant motion. Additionally, requiring plaintiff to comply with applicable rules and regulations does not constitute obstruction.

To the extent plaintiff seeks an order from the court compelling officials at California Health Care Facility to comply with state regulations, such an order would be inappropriate. Plaintiff's underlying claim in this action is that defendant Dr. Montejo retaliated against him, failed to provide adequate medical treatment, and discriminated against him while he was incarcerated at California Medical Facility. (ECF No. 19.) Thus, it would be inappropriate for the court to grant relief based on allegations that are unrelated to plaintiff's underlying claim. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

The court notes plaintiff has on several prior occasions filed similar motions arguing prison officials have interfered with his ability to litigate his various legal actions. (ECF Nos. 31, 33, 34, 52.) Plaintiff is advised that should he continue to repeat the same requests for relief he may be subject to sanctions. Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat[] pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). Sanctions for violations of Rule 11(b) may include dismissal of plaintiff's case. See Bell v. Harrington, No. 1:12-cv-0349 LJO GBC (PC), 2012 WL 893815, *9 (E.D. Cal. Mar. 15, 2012).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel compliance (ECF No. 56) is denied.

Dated: September 13, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/bart1874.law.lib