UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH, | No. 2:19-cv-1874 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| EUSEBIO MONTEJO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant was deliberately indifferent to his medical needs, retaliated against him, and discriminated against him. Presently before the court is plaintiff's request for leave to file a motion to compel (ECF No. 65), motion to compel (ECF No. 66), and motion for an extension of time to file an opposition to defendant's motion for summary judgment (ECF No. 70).

**I.      Motion for Leave to File a Motion to Compel and Motion to Compel**

On November 24, 2021, plaintiff filed a motion for leave to file a motion to compel concurrently with a motion to compel. (ECF Nos. 65, 66.) Therein, plaintiff sought an order to compel defendants to respond to his discovery requests. He stated that, he served a request for production of documents on July 21, 2020.[1] (ECF No. 65 at 1.)

---

[1] The court notes that defendant had not yet appeared in this action in July 2020 when plaintiff sent the discovery requests. (See ECF No. 27.)

1

1  Plaintiff claims he sent a meet and confer letter to defendants seeking to obtain responses
2  to his discovery requests on October 18, 2021. He alleges he did not receive any response to his
3  letter or any response to his request for production. In his motion to compel, plaintiff reproduced
4  the 18 requests sent to defendants. He argues that defendants did not respond at all to his
5  requests.

6  Defendant has filed an opposition to the motion to compel. (ECF No. 69.) Therein,
7  counsel for defendant alleges that defendant received a request for production of documents from
8  plaintiff on January 5, 2021. (Id. at 1.) Defendant sent plaintiff a letter informing him that the
9  request for production was premature because the court had yet to open discovery and advised
10 plaintiff to re-serve his requests after the court issued a discovery and scheduling order. The
11 letter, dated January 29, 2021 is attached as an exhibit to defendant's opposition. (ECF No. 69 at
12 14.) Defendant argues that the court should deny plaintiff's motion to compel because it is
13 untimely, defendant was not served with all the discovery requests referred to in the motion to
14 compel, and the motion to compel is moot because defendant would[2] produce documents
15 responsive to the requests. (Id. at 2-3.)

16 Pursuant to the court's February 22, 2021 discovery and scheduling order (DSO)
17 discovery was due by June 25, 2021. (ECF No. 47.) Plaintiff alleges that he was moved to
18 Salinas Valley State Prison and placed in quarantine on February 17, 2021. He further alleges
19 that he was "subjected to several housing moves and quaruntines [sic] until [he was] transferred
20 to [California Health Care Facility] CHCF on June 29, 2021." (Id. at 2.)

21 Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P.
22 16(b). In order to show good cause exists, a party must show that they have been diligent in
23 seeking the requested modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609
24 (9th Cir. 1992). Plaintiff's claims he failed to bring a motion earlier because he was transferred
25 and quarantined several times between February and June 2021. This explanation fails to show

---

[2] Defendant's opposition is dated December 22, 2021. (ECF No. 69.) Therein, counsel for defendant stated that a response to plaintiff's request for production of documents had been drafted and would be served on plaintiff no later than December 23, 2021. (Id. at 4.)

that he acted diligently because he has not explained why he took no action between his June 2021 arrival at CHCF and October 2021 when he sent defendant a letter seeking a response to his discovery requests. The DSO stated responses to discovery requests were to be served within forty-five days. Thus, the court finds plaintiff's nearly five-month delay in reaching out to defendant fails to show diligence sufficient to support of finding of good cause. Accordingly, the court finds that plaintiff's motion to compel should be denied because it is untimely and moot in light of defendant's representation that it would provide responses to plaintiff's requests.

## II. Motion for an Extension of Time

Plaintiff has sought an extension of time to file an opposition to defendant's motion for summary judgment. (ECF No. 70.) He states he needs an extension of time because his motion to compel remains pending.

Good cause appearing the court will grant plaintiff an extension of time to file an opposition. However, plaintiff is advised that the court is not inclined to grant open ended extensions of time. In any future motions for extension of time he should state the amount of time requested and the reason an extension is necessary.

## III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file a motion to compel (ECF No. 65) and motion to compel (ECF No. 66) are denied.

2. Plaintiff's motion for an extension of time to file an opposition to defendant's motion for summary judgment (ECF No.70) is granted. Plaintiff shall have forty-five (45) days from the date of service of this order to file an opposition.

Dated: January 7, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/bart1874.mtc